UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:18-cv-21255-DPG

YOSVANY CARMONA CUELLO, and all
others similarly situated under 29 U.S.C.
216(b),

    Plaintiffs,

v.

MOISES BAKERY OF MIAMI, INC.,
JOAQUIN BRAS, JACQUELIN BRAS,
& PHILIP COLEMAN,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, MOISES BAKERY OF MIAMI, INC., JOAQUIN BRAS, JACQUELIN BRAS, & PHILIP COLEMAN, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

1. Admitted that the Complaint alleges a cause of action under the Fair Labor Standards Act 29 U.S.C. §§201-216.

2. Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph, but presume it to be true, for jurisdiction and venue purposes only.

3. Admit that MOISES BAKERY OF MIAMI, INC. is a corporation that regularly transacts business in Miami-Dade County. Defendants are without knowledge as to the meaning of "the relevant time period," or whether the Plaintiff was employed elsewhere during this time period.

4. Denied.

5. Denied.

6. Denied.

7. Defendants deny any acts or omissions took place but admit that this dispute arises in Miami Dade Count for jurisdiction and venue purposes only.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. Admitted that the Complaint alleges violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C. §216(b). All other allegations or assertions in this paragraph are denied.

9. This paragraph does not contain a clear factual allegation to which a response is needed, but the referenced statute speaks for itself and its content.

10. This paragraph does not contain a clear factual allegation to which a response is needed, but the referenced statute speaks for itself and its content.

11. Deny that Plaintiff was a baker. Admit that Plaintiff worked for the corporate Defendant between April 2016 and April 2018.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiffs fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

**Second Affirmative Defense**

Plaintiff's damages, if any, are limited by the relevant statute of limitations of two years.

**Third Affirmative Defense**

Plaintiff's claims are barred to the extent that they did not work more than forty (40) hours in any workweek.

**Fourth Affirmative Defense**

Plaintiff is not entitled to damages for hours not actually worked during any workweek.

**Fifth Affirmative Defense**

Plaintiff has not met all the requirements to bring a collective action under the FLSA.

**Sixth Affirmative Defense**

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they engaged in certain activities that were preliminary or postliminary to their principal activities.

**Seventh Affirmative Defense**

Plaintiff's claims are barred to the extent any uncompensated work done by Plaintiffs is *de minimus*. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Eighth Affirmative Defense

To the extent the entity Defendant is found not to be liable, the individual Defendants are also not liable for any violations of the FLSA because any claim against the individuals would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Ninth Affirmative Defense

Plaintiff is not a covered individual under §207 of the Fair Labor Standards Act of 1938, which provides for overtime wages, because he was not "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage) as it is defined by 29 U.S.C. §203(r) and (s)(1). Specifically, the entity Defendant's annual gross sales have not exceeded $500,000.00 during the relevant time periods. See, *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010).

### Tenth Affirmative Defense

Plaintiff is not eligible for FLSA overtime because he was not a covered individual under §207 of the Fair Labor Standards Act of 1938; he was not "engaged in commerce or in the production of goods for commerce," (individual coverage) while employed by the entity Defendant. Specifically, Plaintiff did not regularly and directly participate in the actual

movement of persons or things in interstate commerce. See, e.g., *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned Chinese restaurant). See also, *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.,* No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2 (S.D. Fla. Nov. 30, 2007) and *Casseus v. First Eagle, L.L.C.,* No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

### Eleventh Affirmative Defense

Defendants asserts that Plaintiff's claims (if any) are barred and estopped to the extent that Defendant lacked actual or constructive knowledge of the hours he worked due to inaccurate or misleading information regarding hours worked provided by Plaintiff. See, *Merriweather v. Latrese & Kevin Enterprises, Inc.*, 2009 U.S. Dist. LEXIS 48974; 2009 WL 1514640 (M.D. Fla. May 28, 2009); *Neuman v. CTRL Systems, Inc.*, No. 2009 WL 4730722 S.D. Fla. Dec. 10, 2009). Under the FLSA, for plaintiffs to recover allegedly uncompensated overtime, they must prove: (1) they worked overtime hours without compensation, and (2) their employer knew, or should have known, of their overtime work. See, *Ekokotu v. Fed. Express Corp.*, 2011 U.S. App. LEXIS 1126, at *23 (11th Cir. Jan. 19, 2011); see also *29 C.F.R. §785.11*.

### Twelfth Affirmative Defense

Plaintiff's alleged damages (if any) are the result of independent actions attributed to him and not the Defendant. Therefore, the Defendant should not be held responsible for those actions.

### Thirteenth Affirmative Defense

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of, in any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA

### Fourteenth Affirmative Defense

Plaintiff's alleged damages (if any) are the result of actions attributed to other, unrelated third-parties and not the Defendant. Therefore, the Defendant should not be held responsible for those actions.

### Fifteenth Affirmative Defense

Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### Sixteenth Affirmative Defense

Defendants are entitled to a set-off for all money paid to Plaintiff for work not actually performed by the Plaintiff.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred to the extent that she did not actually work the hours he is alleging he is owed payment for

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be

awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

## JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 4th day of June, 2018.

> LUBELL & ROSEN, LLC
> *Attorneys for Defendants*
> 200 S. Andrews Ave, Suite 900
> Ft. Lauderdale, Florida 33301
> Phone: (954) 880-9500
> Fax: (954) 755-2993
> E-mail:    jmb@lubellrosen.com
>
> By: *s/Josh M. Bloom*
>     Josh M. Bloom, Esquire
>     Florida Bar No. 88559

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2018, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By:    /s *Josh M. Bloom*
>     Josh M. Bloom, Esquire
>     Florida Bar No: 88559

## SERVICE LIST

*Cuello v. Moises Bakery of Miami, Inc., et al*
Case No.: 1:18-cv-21255-DPG

| | |
|---|---|
| Neil Tobak, Esquire<br>Rivkah Fay Jaff, Esq.<br>Jamie H. Zidell, Esq.<br>J.H. ZIDELL, P.A.<br>300 71st Street<br>Suite 605<br>Miami Beach, Florida 33141<br>Rivkah.Jaff@gmail.com<br>Ntobak.zidellpa@gmail.com<br>ZABOGADO@AOL.COM<br>*Counsel for Plaintiffs* | Adi Amit, Esquire<br>LUBELL & ROSEN, LLC<br>200 S. Andrews Avenue<br>Suite 900<br>Fort Lauderdale, Florida 33301<br>adi@lubellrosen.com<br>*Counsel for Defendants* |